**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DOUGLAS T FLOYD, MARK FLOYD, | § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 4:15-CV-00525 (JUDGE CLARK/JUDGE BUSH) |
| v. | § § | |
| SATU TUULIA AALAEI, | § § | |
| Defendant. | § § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to Magistrate Judge Don D. Bush pursuant to 28 U.S.C. § 636. On April 28, 2016, the report of Magistrate Judge Bush (Dkt. #41) was entered containing proposed findings of fact and recommendations that Defendant's motion to dismiss pursuant to Chapter 27 of the Texas Civil Practice & Remedies[1] (Dkt. #11) should be **DENIED** and that Defendant's motion, in the alternative, for dismissal pursuant to 12(b)(6) (Dkt. #11) should be **DENIED**, without prejudice to refiling, if Plaintiffs failed to amend their complaint as directed.[2]

Having received the report of the Magistrate Judge (Dkt. #41), having considered Plaintiff's timely filed objections (Dkt. #48), and having conducted a *de novo* review, the court is

---

[1] Chapter 27 of the Texas Civil Practice & Remedies Code, also known as the Texas Citizens Participation Act ("TCPA"), is an "anti-SLAPP" statute. The acronym SLAPP stands for "Strategic Lawsuits Against Public Participation," a term referring to legal actions that are primarily brought for the purpose of silencing citizens who are exercising their First Amendment freedoms. *See Jardin v. Marklund*, 431 S.W.3d 765, 769 (Tex.App.–Houston 2014, no pet.).

[2] Because the Magistrate Judge found that Plaintiffs failed to allege one of the required elements of their defamation claim, Plaintiffs were directed to amend their complaint. Plaintiffs have since filed their amended complaint as directed (*see* Dkt. #44), and Defendant has accordingly refiled her motion to dismiss (*see* Dkt. #52).

of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit as to the ultimate findings of the Magistrate Judge. The court hereby adopts the Magistrate Judge's report (Dkt. #41) as the findings and conclusions of the court.

**BACKGROUND**

Douglas Floyd is an attorney in the practice of law. This suit arises from his representation of Defendant Satu Tuulia Aalaei in a criminal matter and in a divorce action. Douglas Floyd and Defendant entered into a Contract of Employment for Legal Services, under which Defendant agreed to transfer title to certain real property she owned by warranty deed to Douglas Floyd as collateral for the payment of his attorney's fees. *See id*. When Defendant terminated the engagement on or about October 23, 2007, Douglas Floyd asserts that he was "left [] with the distinct impression that [Plaintiff] was not going to pay the balance he had billed her" and therefore recorded the warranty deed on October 31, 2007. *See* Dkt. #12-1 at 11-12. In November 2007, Defendant paid the outstanding balance (*see id*. at 9), and Douglas Floyd transferred the property back to Defendant by warranty deed on December 12, 2007 (*see id*. at 14-15). This real estate transfer – which Defendant characterizes as Douglas Floyd's "theft" of her property – coupled with the overall deterioration of the attorney-client relationship during the few months that Douglas Floyd represented Defendant, has resulted in a longstanding dispute between the parties.[3]

The case currently before the Court arises from alleged defamatory statements Defendant made about Douglas Floyd and Mark Floyd. Defendant characterizes her comments as a "consumer review." Although Plaintiffs' original petition does not specify where the alleged

---

[3] Douglas Floyd offers in his declaration information that the parties have been involved in a prior state court lawsuit arising from the same facts described above. *See* Dkt. 18-1 at 8.

defamatory statements were published, Plaintiffs' response to Defendant's motion to dismiss alleges that the statements were published on a website called "Ripoff.com" (*see* Dkt. #18 at 7-8), which Defendant does not contest. Defendant acknowledges in her motion to dismiss that she authored the statement set forth in Paragraph 5.b.i. of Plaintiffs' original petition but denies making the statements set forth in Paragraphs 5.b.ii. through 5.b.vi. *See* Dkt. #11 at 18-19. Defendant subsequently filed the instant motion to dismiss pursuant to the TCPA, or in the alternative, pursuant to FRCP 12(b)(6). *See* Dkt. #11.

## ANALYSIS

Defendant asserts that the TCPA is applicable because her statements constitute an exercise of her right of free speech. She further alleges that because Plaintiffs cannot establish a *prima facie* case of defamation by "clear and specific evidence" as required by the TCPA, she is entitled to dismissal. Defendant also argues, in the alternative, that Plaintiffs' claims should be dismissed for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

The Magistrate Judge correctly found that dismissal pursuant to the TCPA is not warranted here. *See* TEX. CIV. PRAC. & REM. CODE § 27.005(d). The first sequential step in deciding Plaintiff's motion to dismiss under the TCPA is evaluating whether she has shown by a preponderance of the evidence that her legal action "is based on, relates, to, or is in response to [her] exercise of: (1) right to free speech; (2) the right to petition; or (3) the right of association." TEX. CIV. PRAC. & REM. CODE § 27.005(b). The Magistrate Judge found that Defendant met her initial burden because she was able to establish that her communication regarding the legal services of Douglas Floyd was a matter of public concern under § 27.001(7)(E).

If the movant meets her initial burden, "the second step shifts the burden to the plaintiff to 'establish[ ] by clear and specific evidence a *prima facie* case for each essential element of the claim in question.'" *See In re Lipsky*, 460 S.W.3d 579, 585 (Tex. 2015) (quoting § 27.005(c)). To satisfy their burden of demonstrating a *prima facie* case for defamation, Plaintiffs must show that Defendant: (1) published a statement; (2) that was defamatory concerning them; (3) while acting with either actual malice, if the plaintiff was a public official or public figure, or with negligence, if the plaintiff was a private individual, regarding the truth of the statement. *Williams v. Cordillera Commc'ns, Inc.*, 2014 WL 2611746, at *4 (S.D. Tex. 2014); *WFAA–TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998).

Although Defendant's objections are rather lengthy and repetitive, they are for the most part lacking in substance and/or legal support. Defendant first objects that the Magistrate Judge did not properly consider the defense of substantial truth and criticizes the report for its failure to mention the words "substantial" or "substantially." *See* Dkt. #48 at 2-3. However, the court notes that the Magistrate Judge provides ample support for his finding that Defendant's statement was not substantially true, that it contained "objectively verifiable facts," that it was not "merely rhetorical hyperbole," and that, taken in its entirety, Defendant's assertions that Douglas Floyd "created" criminal charges for her and "stole" her house were false, or at the very least, intentionally misleading. The "gist" or "sting" of Defendant's statement, which she admitted publishing on www.ripoffreport.com, is not merely that it "errs in the details," but rather that it deliberately mischaracterizes the facts underlying the property transfer. *See Walker v. Beaumont Indep. Sch. Dist.*, 2016 WL 1156852, at *1 (E.D. Tex. 2016). Thus, the version of events asserted by Defendant falsely conveys the "gist" or "sting" of Plaintiff Douglas Floyd's actions.

4

Defendant also objects that the Magistrate Judge "improperly interpreted the contract" and favorably weighed Plaintiffs' "parol evidence" over that of Defendant. *See* Dkt. #48 at 4. However, the Magistrate Judge's report shows that his interpretation of the contract was based on the four corners of the document. *See* Dkt. #41 at 13-14. Despite Defendant's assertions that she was "in desperate need of legal help" (*see* Dkt. #12 at 2) and that she did not intend to transfer her property to Douglas Floyd (*see* Dkt. #48 at 3), the agreement clearly expresses that Defendant's property is being pledged as collateral for the payment of Douglas Floyd's legal fees. Defendant does not contest that she had no money to pay for Douglas Floyd's legal services or that she received legal services from Douglas Floyd for several months – from approximately April to October 2007 – without any payment for those services. Although the agreement states that the client would have ninety (90) days to pay the attorney's final fees before the property would be *sold* to pay legal expenses and other fees, nothing in the agreement prevents the recording of the warranty deed once it was executed. Because the property was not sold and was transferred back to Defendant after payment of Douglas Floyd's invoice for attorney fees, the recording of the warranty deed was not unreasonable under the circumstances. Nor was it a violation of the contract. The court thus finds no error in the Magistrate Judge's interpretation of the contract.

Defendant also objects that the Magistrate Judge failed to consider the "state court litigation evidence." *See* Dkt. #48 at 4. Defendant asserts that said "evidence" is further proof of the substantial truth of the complained-of statements. To the extent that Defendant expresses objections which rely on her request for judicial notice of the state court lawsuit, said objections are moot since her request for judicial notice of that material was properly denied by the Magistrate Judge. *See* Dkt. #60. And, as the Magistrate Judge noted in his order denying

5

Defendant's request for judicial notice, judicial notice does not extend to taking notice of facts asserted or legal determinations therein. *See* Dkt. #60 at 7.

The court also finds no error in the Magistrate Judge's conclusion as to the third element, which is that Douglas Floyd is not a "limited-purpose public figure," and is thus not required to show actual malice. *See Trotter v. Jack Anderson Enters., Inc.*, 818 F.2d 431, 433 (5th Cir. 1987). Plaintiffs need only prove negligence, and the court agrees with the Magistrate Judge's finding that Plaintiffs have sufficiently alleged negligence, in that Defendant knew, or should have known, that the statements in her consumer review, taking in their entirety, were false, or, at the very least, intentionally misleading.[4]

Defendant also argues that the Magistrate Judge inappropriately relied on *Bentley v. Bunton*, 94 S.W.3d 561, 604 (Tex. 2002) for his conclusion that Plaintiffs satisfied the damages prong based on their allegation that they were "seriously damaged in their reputation and business" as a result of Defendant's defamatory statements. First, Defendant's assertion that *Bentley* is no longer good law is incorrect. *See* Dkt. #41 at 9. The court can find no authority – nor has Defendant presented any authority – which holds that *Bentley* is no longer good law. Defendant is correct that the court's analysis in *Bentley* is based on a detailed factual trial analysis. *See* Dkt. #41 at 9. However, that point diminishes, rather than bolsters, Defendant's argument since the question here is whether Plaintiffs have met their "clear and specific" evidence burden as required by the TCPA (*see* TEX. CIV. PRAC. & REM. CODE § 27.005(c)), not what they must prove to support an award of damages at trial.

Relying on *Hancock v. Variyam*, 400 S.W.3d 59, 65 (Tex. 2013) as support, Defendant argues that Plaintiffs are required to adduce competent evidence to support their allegation that

---

[4] The court notes that although Plaintiffs have alleged malice in their petition (as is required as a basis for recovery of exemplary damages, *see Leyendecker & Associates, Inc. v. Wechter*, 683 S.W.2d 369, 375 (Tex. 1984)), that issue is unrelated to Plaintiffs' *prima facie* defamation case and thus need not be decided at this time.

6

they have been damaged. *See* Dkt. #41 at 9. *Hancock* involved a dispute between two physicians. Dr. Variyam sued Dr. Hancock for defamation. *See Hancock*, 400 S.W.3d 59 at 62-63. After the trial court granted a directed verdict that the statements at issue were defamatory *per se*, the jury rejected Dr. Hancock's substantial truth defense and awarded Dr. Variyam damages. *Id*. The Texas Supreme Court ultimately found that the statements were not defamatory *per se* because they did not injure Dr. Variyam in his profession as a physician and that, even if the statements were defamatory as a matter of law there was no evidence of actual damages. *Id*. at 68.

While a defamatory statement is one that tends to injure a person's reputation, such a statement is defamatory *per se* if it injures a person in her office, profession, or occupation. *See id.*; *see also* Restatement (Second) of Torts § 573 (1977). Defamation *per se* refers to statements that are so obviously harmful that general damages, such as mental anguish and loss of reputation, are presumed. *Hancock*, 400 S.W.3d at 63–64; *Lipsky*, 460 S.W.3d 579, 596. To qualify as defamation *per se*, the disparaging words must affect the plaintiff in some manner that is peculiarly harmful to the plaintiff's trade, business, or profession and not merely upon the plaintiff's general characteristics. *Hancock*, 400 S.W.3d at 66–67 (noting that a statement injures one in his profession when it would "adversely affect his fitness for the proper conduct" of the business). Statements such as those alleged here are likely to be "peculiarly harmful" to an attorney in the practice of law and thus qualify as defamation *per se*. Plaintiff Douglas Floyd further offers in his declaration information that his business as an attorney suffered as a result of the statements published by Defendant, that potential clients have refused to hire him, and that an existing client wanted to terminate his services when he read the statements. *See* Dkt. #18-2 at 9.

As noted by the Texas Supreme Court in *Lipsky*, "[t]hough the TCPA initially demands more information about the underlying claim, it does not impose an elevated evidentiary standard or categorically reject circumstantial evidence." *Lipsky*, 460 S.W.3d 579, 591. Pleading and proof of particular damage is not required to prevail on a claim of defamation *per se*, and thus actual damage is not an essential element of the claim to which the TCPA's burden of clear and specific evidence might apply. Therefore, proof of damages is not needed to defeat Defendant's dismissal motion because Plaintiffs' defamation claim is actionable *per se*. The court finds no error in the Magistrate Judge's finding that Plaintiffs have established the *prima facie* elements of their defamation claim.

Having reviewed Defendant's remaining objections, the court finds them likewise without merit.

## CONCLUSION

Because Plaintiffs have established their *prima facie* case by clear and specific evidence, and Defendant has failed to establish a valid defense, the dismissal pursuant to the TCPA is not warranted. The court hereby adopts the findings and conclusions of the Magistrate Judge as the finding and conclusions of this court.

Therefore, Defendant's Motion to Dismiss pursuant to the TCPA (Dkt. #11) is **DENIED**, and her Motion to Dismiss pursuant to FRCP 12(b)(6) is **DENIED**, without prejudice to refiling, in response to Plaintiffs' amended complaint.

**So Ordered and Signed**
**Aug 25, 2016**

_____
Ron Clark, United States District Judge